**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: September 18, 2023

Ms. Alison Dawn Andrews
Baker Botts
910 Louisiana Street
Suite 3000
Houston, TX 77002

Ms. Madeleine Rose Dwertman
Baker Botts
401 S. First Street
Suite 1300
Austin, TX 78704

Mr. Omar Gonzalez-Pagan
Lambda Legal
120 Wall Street
19th Floor
New York, NY 10005

Mr. Steven James Griffin
Office of the Attorney General
of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207

Mr. James Matthew Rice
Office of the Attorney General
of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207

Mr. Brandt Thomas Roessler
Baker Botts
30 Rockefeller Plaza
New York, NY 10112

Ms. Sara E. Sedgwick

Office of the Attorney General
of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207

Ms. Dianna Baker Shew
Office of the Attorney General
of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207

Mr. Gavin Robert Villareal
Baker Botts
401 S. First Street
Suite 1300
Austin, TX 78704

Mr. John T. Winemiller
Merchant & Gould
9717 Cogdill Road
Suite 101
Knoxville, TN 37701

      Re: Case No. 23-5669, *Kayla Gore, et al v. William Lee, et al*
         Originating Case No. : 3:19-cv-00328

Dear Counsel,

 The briefing schedule for this case has been reset and the briefs listed below must be filed electronically with the Clerk's office no later than these dates. Counsel are strongly encouraged to read the latest version of the Sixth Circuit Rules at www.ca6.uscourts.gov, in particular Rules 28 and 30.

| | |
|---|---|
| Appellant's Brief<br>Appendix (if required by 6th<br> Cir. R. 30(a)) | Filed electronically by **October 19, 2023** |
| | |
| Appellee's Brief<br>Appendix (if required by 6th<br> Cir. R. 30(a) and (c)) | Filed electronically by **November 20, 2023** |
| | |
| Appellant's Reply Brief<br>(Optional Brief) | If multiple appellee briefs are filed, only one reply brief may be filed by appellants represented by the same attorney. The reply brief is due no later |

        than **21** days after the last appellee brief is filed. See Fed. R. App. P. 26(c)

    A party desiring oral argument must include a statement <u>in the brief</u> setting forth the reason(s) why oral argument should be heard. *See* 6th Cir. R. 34(a). If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

    In scheduling appeals for oral argument, the court will make efforts to avoid dates that counsel have previously brought to its attention as presenting a conflict during weeks when the court is scheduled to sit. The court's sitting schedule may be found at http://www.ca6.uscourts.gov/oral-argument-calendars. Because cases are set for calendar early in the case, counsel should provide as soon as possible any dates of unavailability during the next nine months, preferably no later than the filing of the appellee's brief. Counsel should use the "Counsel Unavailability Form" located on the court's website. If subsequent conflicts arise, counsel should notify the court as soon as possible.

        Sincerely yours,

        s/Ryan E. Orme
        Case Manager
        Direct Dial No. 513-564-7079

Enclosure

# CHECKLIST FOR BRIEFS

- Briefs and filing requirements are found in the Federal Rules of Appellate Procedure (FRAP) and the Sixth Circuit Local Rules (6 Cir. R.), located on the court's website. File the correct brief *type* (e.g. appellant, appellee, petitioner, respondent, 1st, 2d) *only* in the appropriate case. *During filing of the brief, deselect any inapplicable case* in CM/ECF by unchecking the inapplicable case numbers. In cross-appeals, file all briefs in all cases, unless you are a party to only one cross-appeal.

- Appellants filing one notice of appeal must file a single brief unless permission is granted for separate briefs. See FRAP 3(b)(1). Appellants file one reply brief regardless of the number of appellee briefs.

- Redact personal information. FRAP 25(a)(5) and rules cited therein provide guidance.

- File briefs in PDF, preferably searchable native PDF. 6 Cir. R. 25(a)(2); PACER website.

## BRIEF COMPONENTS

- Brief components must appear in the brief in the order indicated below. FRAP 28(a).

- I. COVER. Colored covers are not required for electronically filed briefs. Do include:

    - Sixth Circuit Case Number(s).
    - Name of the Court: "United States Court of Appeals for the Sixth Circuit."
    - Title of the Case: *Smith v. Jones*.
    - Nature of proceeding and court or agency below.
    - Title identifying the party: e.g., "Brief of Appellee Lawrence Litigant"
    - Name, address, and telephone number of counsel. FRAP 32(a)(2)

- II. CORPORATE DISCLOSURE. Consult FRAP 26.1 and 6 Cir. R. 26.1 for applicability.

- III. TABLE OF CONTENTS. Page references are required. FRAP 28(a)(2) and (b).

- IV. TABLE OF AUTHORITIES. FRAP 28(a)(3) and (b).

    - Alphabetize case citations; include statutes and other authorities.
    - Include references to the page in the brief where specific authority is cited.

- V. STATEMENT IN SUPPORT OF ORAL ARGUMENT.  FRAP 34; 6 Cir. R. 34.

    - A party desiring oral argument must include a statement explaining why the court should hear argument.  6 Cir. R. 34(a).  **CAUTION**:  When filing the brief in CM/ECF, do not choose "argument requested" unless the brief contains an unambiguous statement giving reasons in support of argument.  If the court decides to hear argument, no eligible party will be excluded based on a failure to request argument.  Also see 6 Cir. R. 28(b)(1)(B).

---

*Items in this box are included in the applicable page and/or word counts.  FRAP 32(f).*

- VI. STATEMENT OF JURISDICTION - *See* FRAP 28(a)(4); four areas must be addressed.  Appellee need not include this statement *if in agreement with appellant*.  FRAP 28(b).

- VII. STATEMENT OF ISSUES - *See* FRAP 28(a)(5).  Appellee need not include this statement *if in agreement with appellant*.  FRAP 28(b).

- VIII. STATEMENT OF THE CASE - *See* FRAP 28(a)(6); (b)

    - Concise statement of the case setting out the facts relevant to the issues presented with description of procedural history, and identification of rulings presented for review and references to the record.  A separate statement of facts is not required.  FRAP 28(a)(6).
    - Appellee need not include this statement *if in agreement with appellant*.

- IX. SUMMARY OF THE ARGUMENT - Succinct, clear, and accurate statement of the argument(s) that does not merely repeat the argument headings.  FRAP 28(a)(7).

- X. ARGUMENT

    - Include the "contentions and reasons for them."  FRAP 28(a)(8)(A).
    - Citations to the relevant authorities and record parts.  FRAP 28(a)(8)(A).
    - **Include the standard of review for each issue**.  FRAP 28(a)(8)(B); (b).  Appellee need not include this statement *if in agreement with appellant*.

- XI. CONCLUSION

    - State the precise relief sought.  FRAP 28(a)(9).
    - Filing attorney(s) signature(s) required:  s/(Attorney's Name).  6 Cir. R. 25(d)(1).

---

- XII. CERTIFICATE OF COMPLIANCE: As required under FRAP 32(g) (effective December 1, 2016).

- XIII. CERTIFICATE OF SERVICE: Include date served; parties served; manner of service (mail or CM/ECF); and attorney signature. *See* FRAP 25(d).

- XIV. ADDENDUM

  - Designation of relevant originating court documents with Page ID # range, if applicable. 6 Cir. R. 28(b)(1)(A)(i). (See "Citations to the Record" below.)
  - Consult 6 Cir. R. 30(g) for types of documents that must be designated.
  - May include relevant statutes, rules, regulations.
  - Must include copies of decisions "not available in a publicly accessible electronic database." FRAP 32.1(b); 6 Cir. R. 32.1(a).

## CITATIONS TO THE RECORD

- Appeals from the district courts. 6 Cir. R. 28(a)(1). Each citation must include:

  - Short description of record item: Motion for Summary Judgment; Order; Transcript.
  - Docket entry number: RE 25, R. 13. *"RE," "R." preferred; avoid "D", "DE", or "Doc."*
  - Page ID # range for the relevant portion of the document: Page ID # 220-227. The Page ID # is in blue on the header or footer of the PDF document when it is opened from the district court's docket. When citing to a sealed document to which counsel has been denied access and therefore cannot see Page ID #, explain in a footnote and refer to the docket entry number and page number. E.g., sealed entry 23, page 3.

---

EXAMPLES OF ACCEPTABLE CITATIONS

- Motion for Summary Judgment, RE 23, Page ID # 120-145
- Transcript, R. 52, Page ID ## 675-682
- Agency Record, RE 12, Page ID # 190-191 (this applies when an administrative record is filed in district court, e.g., Social Security or ERISA cases).

---

- Other appeals.  6 Cir. R. 28(a)(2).  In petitions for review of agency decisions, cite to the page number of the administrative record or the appendix.  Page ID #'s do not apply.

- Placing citations and references within the brief text is preferred over footnote references.

### BRIEF LENGTH, FORMATTING, and TYPEFACE

- Typefaces:  *see* FRAP 32(a)(4), (5), and (6).  Briefs must be double-spaced.

    - Either a proportionally spaced font at 14 pt. (such as Times New Roman), or
    - Monospaced font not exceeding 10 1/2 characters per inch (such as Courier New at 12 point).
    - The court asks footnotes be in the same font size as text.

- Length of briefs:  *see* FRAP 32(a)(7).

    - Principal:  30 pages OR up to 13,000 words OR 1,300 lines of monospaced typeface.
    - Reply:  15 pages OR up to 6,500 words OR 650 lines of a monospaced typeface.
    - Include a certificate of compliance if over 30 pages.  FRAP 32(g).
    - Headings, footnotes, quotations count in word and line limitations.  *See* 6th Cir. R. 32(b) for items excluded from the length limits.

- Briefs for cross-appeals:  *see* FRAP 28.1;  Amicus briefs:  *see* FRAP 29, 32.