

June 19, 2024

**Via CM/ECF**

The Hon. Kelly L. Stephens
Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
100 East Fifth Street, Room 540
Potter Stewart U.S. Courthouse
Cincinnati, Ohio 45202

      Re:      Appellants' Second Notice of Supplemental Authority
                   Pursuant to FRAP 28(j) in *Gore v. Lee*, No. 23-5669

Dear Clerk Stephens,

Pursuant to Rule 28(j), Plaintiffs-Appellants respectfully inform the Court of subsequently decided authority: the Tenth Circuit's opinion in *Fowler v. Stitt*, No. 23-5080, on June 18, 2024 (**Exhibit A**), and the Ninth Circuit's amended opinion in *Hecox v. Little*, No. 20-35813, on June 7, 2024 (**Exhibit B**).

In *Fowler*, the Tenth Circuit held that the district court erred in dismissing the transgender plaintiffs' equal protection claim against Oklahoma's similar birth certificate policy. Op. at 50. In doing so, the court held that the plaintiffs had "adequately alleged the Policy purposefully discriminates against transgender people" because, like in this case, "the Policy's disparate impact on transgender people indicates discriminatory intent." *Id.* at 27, 32. Moreover, the court found the reasoning of the district court in this case to be "not persuasive." *Id.* at 29. The





Notice of Supplemental Authority
in *Gore v. Lee*, No. 23-5669
June 19, 2024

Page **2** of **4**

Tenth Circuit also held that the plaintiffs had "plausibly alleged the Policy purposefully discriminates on the basis of sex," in part because "*Bostock*'s reasoning [applies] to equal protection claims." *Id.* at 42, 43.

Furthermore, the Tenth Circuit found that Oklahoma's policy failed to pass rational basis review. *Id.* at 45-49. For example, the court found that an interest in the accuracy of vital statistics "is not rationally related to the Policy because even if transgender people amend the sex listed on their birth certificates, Oklahoma retains and has access to original birth certificates." *Id.* at 45. It similarly found that the policy is not rationally related to protecting women's interests because "even if Oklahoma required birth certificates for athletic purposes, it could require review of the original birth certificates." *Id.* at 47-48.

And while the Tenth Circuit affirmed the dismissal of the informational privacy claim because no state action was alleged, *id.* at 56, not only is this Court's informational privacy jurisprudence distinct but here Plaintiffs alleged such state action. *See, e.g.,* Doc. 24 at 3, 7; Doc. 44 at 22-23; Doc. 56 at 1, 7-8.

Finally, Plaintiffs bring the amended opinion in *Hecox*, which they have cited (Doc. 24 at 34; Doc. 56 at 2), to the Court's attention.



Notice of Supplemental Authority
in *Gore v. Lee*, No. 23-5669
June 19, 2024

Page **3** of **4**

Sincerely,

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan
**Lambda Legal Defense and
 Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: (212) 809-8585
Facsimile: (212) 658-9721
ogonzalez-pagan@lambdalegal.org

*Counsel for Plaintiff*

cc:   All counsel of record via CM/ECF



## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit set forth in Rule of Appellate Procedure 28(j) because the body of the letter contains no more than 350 words.

>  */s/ Omar Gonzalez-Pagan*
>  Omar Gonzalez-Pagan
>  **Lambda Legal Defense and
>  Education Fund, Inc.**
>  120 Wall Street, 19th Floor
>  New York, NY 10005

## CERTIFICATE OF SERVICE

On June 19, 2024, a true and correct copy of the foregoing was filed with the electronic case filing (ECF) system of the U.S. Court of Appeals for the Sixth Circuit, which concurrently provides electronic service on all counsel of record.

>  */s/ Omar Gonzalez-Pagan*
>  Omar Gonzalez-Pagan
>  **Lambda Legal Defense and
>  Education Fund, Inc.**
>  120 Wall Street, 19th Floor
>  New York, NY 10005