STATE OF TENNESSEE

# Office of the Attorney General



**JONATHAN SKRMETTI**
ATTORNEY GENERAL AND REPORTER

June 20, 2024

Kelly L. Stephens
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

    Re: No. 23-5669, *Kayla Gore v. William Lee*

Dear Clerk Stephens:

    Appellees submit this letter in response to Plaintiffs' notice of supplemental authority filed on June 19, 2024. For several reasons, *Fowler v. Stitt*, 2024 WL 3035712 (10th Cir. 2024), does not support reversal.

    *First*, on disparate treatment, *Fowler* agrees with Tennessee's argument that the challenged policy is "facially neutral because it prevents all [persons]—regardless of their sex or gender identity—from amending the sex designation on their birth certificates." *Id.* at *10; Resp. Br. 13-17. The court (at *11-13) found disparate treatment based on "disparate impact" and "facts from which [it could] infer discriminatory purpose"—specifically, lawmaker statements and a purported lack of "legitimate justification for the Policy." But Plaintiffs here have not alleged any facts whatsoever related to the adoption of the challenged policy by the Office of Vital Records, Resp. Br. 17-18, and Tennessee's policy has legitimate justifications, *id.* at 31-34.

    *Second*, in dicta, *Fowler* imports *Bostock*'s if-born-a-different-sex reasoning into the Equal Protection analysis but offers no cogent rebuttal to this Court's contrary analysis in *L.W. v. Skrmetti*, 83 F.4th 460 (6th Cir. 2023).

1

*Third*, *Fowler*'s rational-basis analysis bears little weight.  The court did not address the public-health and records-matching interests Tennessee asserts.  Resp. Br. 32-33.  It ignored the State's interest in certifying accurate and consistent information to the public—regardless of what remains under seal.  It stressed (at *19) that Oklahoma "us[es] affidavits, not birth certificates" to enforce sex-separation policies, but Tennessee *does* use birth certificates as a non-invasive way of confirming sex.  Resp. Br. 33.  The decision (at *19) alternatively posited that Oklahoma could "require review of the original birth certificates," which would not work here since Plaintiffs request certificates bearing no indicia of amendment or birth sex.  Nor does *Fowler* grapple with the administrative complications associated with the alternatives proposed.  *Armour v. Indianapolis*, 566 U.S. 673, 684 (2012).

*Finally*, for the substantive-due-process claims, *Fowler* (at *20-22) faulted plaintiffs' failure to "allege[ that] Defendants threatened, ordered, or intimidated them into disclosing their birth certificates."  That tracks Tennessee's argument that Plaintiffs "fail[] to challenge any *State*-required disclosure."  Resp. Br. 51-52; Kansas Br. 15-18.

        Respectfully,

        /s/J. Matthew Rice
        J. MATTHEW RICE
         *Solicitor General*
        Office of Tennessee Attorney General
        P.O. Box 20207
        Nashville, TN 37202
        (615) 532-6026
        Matt.Rice@ag.tn.gov

        *Counsel for Defendant-Appellees*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and 6 Cir. R. 25(f), I certify that a true and exact copy of this letter has been filed via the Court's electronic filing system on June 20, 2024. That system sends a Notice of Docket Activity to all registered attorneys in this case. Under 6 Cir. R. 25(f)(1)(A), "[t]his constitutes service on them and no other service is necessary."

<u>/s/J. Matthew Rice</u>
J. MATTHEW RICE
*Solicitor General*