IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| KAYLA GORE, *et al.*,<br><br>*Plaintiffs-Appellants*,<br><br>v.<br><br>WILLIAM BYRON LEE, in his official capacity as Governor of the State of Tennessee, *et al.*,<br><br>*Defendants-Appellees*. | No. 23-5669 |

**MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR REHEARING OR REHEARING *EN BANC***

Pursuant to Federal Rule of Appellate Procedure 26 and Sixth Circuit Rules 26 and 40, Plaintiffs-Appellants respectfully request that the Court extend the deadline for Plaintiffs-Appellants to petition for rehearing or rehearing *en banc* until fourteen (14) days after the United States Supreme Court issues its decision in *United States v. Skrmetti*, No. 23-477, or alternatively, by forty-five (45) days until Monday, September 9, 2024. Defendants-Appellees do not oppose the request for a 45-day extension, but do not consent to a continuance tied to *United States v. Skrmetti*.

1.     This case involves Plaintiffs-Appellants' appeal of the District Court's decision and order granting Defendants-Appellees' motion to dismiss Plaintiffs-

1

Appellants' challenge to Tennessee's policy prohibiting changes to the sex designation on the birth certificates of transgender people born in Tennessee, under the Fourteenth Amendment of the United States Constitution.

2. On July 12, 2024, the Court in a 2-1 decision affirmed the District Court's decision, holding that Tennessee's birth certificate policy does not violate the Equal Protection and Due Process Clauses of the Fourteenth Amendment. In doing so, the panel majority largely relied on its decision in *L.W. v. Skrmetti*, 83 F.4th 460 (6th Cir. 2023), *cert. granted sub nom. United States v. Skrmetti*, No. 23-477, 2024 WL 3089532 (June 24, 2024).

3. On June 24, 2024, the Supreme Court granted certiorari review in *Skrmetti* on the following question:

> Whether Tennessee Senate Bill 1, which prohibits all medical treatments intended to allow "a minor to identify with, or live as, a purported identity inconsistent with the minor's sex" or to treat "purported discomfort or distress from a discordance between the minor's sex and asserted identity," violates the equal protection clause of the 14th Amendment.

4. Pursuant to Federal Rules of Appellate Procedure 35(c) and 40(a)(1), Plaintiffs-Appellants petition for rehearing or rehearing *en banc* is due Friday, July 26, 2024.

5. However, as evidenced by the panel majority's repeated reliance on *Skrmetti*, the Supreme Court's answer to the question for which it granted certiorari review in *Skrmetti* is largely relevant to the questions in this case and would impact

any decision as to whether rehearing or rehearing *en banc* in this case is warranted. Thus, mindful of the preservation of resources for the parties and the courts, Plaintiffs-Appellants believe it would be prudent and efficacious to continue the deadline to file a petition for rehearing or rehearing *en banc* until fourteen (14) days after the Supreme Court's decision in *Skrmetti*.

6. In the alternative, an extension of time to file a petition for rehearing or rehearing *en banc* is proper here due to the weightiness of the issues involved in this case (for example, the decision below is in tension with the Tenth Circuit's recent decision in *Fowler v. Stitt*, 104 F.4th 770 (10th Cir. 2024), and other appellate decisions) and the conflicting obligations of counsel for Plaintiffs-Appellants in other matters.

7. For one, a large portion of counsel for Plaintiffs-Appellants, including lead counsel, had pre-existing holiday travel during the two weeks following the Court's issuance of its decision in this case. For example, Mr. Gonzalez-Pagan and Mr. Roessler were traveling from July 13 to July 20, and Mr. Winemiller was traveling from July 18 to July 23.

8. In addition, counsel for Plaintiffs-Appellants have a variety of obligations in other cases that demand their attention during this time period. For example, lead counsel for Plaintiffs, Mr. Gonzalez-Pagan, and the other counsel from Lambda Legal and Baker Botts have responses due to two petitions for review before

the Supreme Court of Texas, namely, in *Abbott, et al. v. Doe, et al.*, No. 24-0385, due on August 9, 2024, and *Muth, et al. v. Voe, et al.*, No. 24-0384, due on August 12, 2024. Mr. Gonzalez-Pagan also has a motion hearing on July 29 and depositions scheduled for July 26, 30, and 31, and August 2, 12, 20, and 21 in a matter (*Noe v. Parson*, No. 23AC-CC04530, Cole County Circuit Court, Missouri) scheduled for trial on September 23, 2024 and for which discovery closes on August 22, 2024. And Mr. Gonzalez-Pagan had summary judgment and class certification filings in *L.B., et al. v. Premera Blue Cross*, No. 23-cv-00953-TSZ, before the U.S. District Court for the Western District of Washington on July 22, 2024 and for which the reply briefs are due August 9, 2024. In addition, Mr. Winemiller has dispositive briefs due in *In the Matter of Certain Capacitive Discharge Ignition Systems, Components Thereof, and Products Containing the Same*, Investigation No. 337-TA-1390, before the United States International Trade Commission on July 25 and 29, 2024, and multiple pre-trial filings during the month of August ahead of trial in September in the same matter. Finally, Mr. Lee has a brief due in *Talen Montana, LLC v. EPA*, No. 24-1190 (D.C. Cir.), due on July 29, 2024.

9. In sum, because of these numerous intervening obligations and deadlines in other matters, Plaintiffs-Appellants respectfully request that, at a minimum, a 45-day extension of time to file a petition for rehearing or rehearing *en banc* is warranted.

10. Defendants-Appellees do not oppose a request for a 45-day extension, but do not consent to a continuance tied to *United States v. Skrmetti*.

11. The requested extensions are appropriate here where they would promote judicial economy, serve to provide the Court with fulsome and responsive briefing, and will not result in prejudice to any party. The 45-day extension is even more appropriate where Defendants-Appellees consent to such a request and will experience no cognizable harm or prejudice by such an extension.

12. No extensions have been sought with regards to rehearing, though the Court previously granted extensions to both Plaintiffs and Defendants with regards to the merits briefing.

## CONCLUSION

For the foregoing reasons, Plaintiffs-Appellants respectfully request that the Court extend the deadline for Plaintiffs-Appellants to petition for rehearing or rehearing *en banc* until fourteen (14) days after the United States Supreme Court issues its decision in *United States v. Skrmetti*, No. 23-477, or alternatively, by forty-five (45) days until Monday, September 9, 2024.

Dated this 23rd day of July 2024.

Respectfully submitted,

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan
    *Counsel of Record*
LAMBDA LEGAL DEFENSE
    AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, New York 10005
(646) 307-7406
ogonzalez-pagan@lambdalegal.org

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

I certify that this motion is proportionately spaced, using Times New Roman, 14-point font. Based on a word count under Microsoft Word, the body of this motion contains 1,024 words.

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2024, I electronically filed the foregoing brief by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan

*Counsel for Plaintiffs-Appellees*